```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

------------------------------x
                              :
UNITED STATES OF AMERICA      :
                              :
v.                            :    Criminal No. 3:14-CR-227(AWT)
                              :
EARL O'GARRO, JR.             :
                              :
------------------------------x

### ORDER RE POST-CONVICTION MOTIONS

The defendant, Earl O'Garro, Jr., has filed motions for bond pending appeal (Doc. No. 149 and 150), for an evidentiary hearing (Doc. No. 154), for an order furloughing him from custody for purposes of appearing in court for any hearing that may be held (Doc. No. 151), and to expedite review of his motion for bond pending appeal (Doc. No. 156).  These motions are based on O'Garro's claim that he received ineffective assistance of counsel prior to his indictment, which is an issue he has raised in his direct appeal.  He has requested a remand from the Second Circuit to this court for factfinding related to this issue.

With respect to the motion for release pending appeal (Doc. No. 150), a defendant must remain detained pending appeal unless the court finds:

> (A) by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released . . .; and

> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial,

>(iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). Here, the defendant does not satisfy these requirements. The court concludes that the defendant's appeal is not likely to result in a reversal or a new trial. Additionally, the issues raised on appeal, even if found to be meritorious, would not result in the defendant's resentencing. Because the defendant has not satisfied the requirements of § 3143(b)(1)(B), and he must satisfy the requirements of both clause (A) and clause (B) for his motion to be granted, the court does not reach the issue of whether he poses a flight risk or a danger to the community under § 3143(b)(1)(A).

Accordingly, the Motion for Bail Pending Appeal (Doc. No. 150) is hereby DENIED. The Motion for Bail Pending Appeal (Doc. No. 149), which is identical to the subsequently filed motion, is hereby DENIED. The Motion for Evidentiary Hearing (Doc. No. 154) is hereby DENIED, and therefore the Motion to Appear Before the Court for the Bail Pending Appeal Hearing (Doc. No. 151) is hereby DENIED. The motion for expedited review of the above-referenced motions (Doc. No. 156) also is DENIED as moot.

It is so ordered.

Signed this 14th day of July, 2017, at Hartford, Connecticut.

/s/ AWT
Alvin W. Thompson
United States District Judge